# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

CRISTINA SERRANO,

Appellant,

v.

MOMBRUN LAW, PLLC, and AGNES MOMBRUN GETER,

Appellees.

No. 2D2025-2588

_____

August 14, 2026

Appeal from the County Court for Hillsborough County; Melissa C. Black, Judge.

Andrew N. Grim and Richard K. Peck of Peck Law Firm, P.A., Spring Hill, for Appellant.

Douglas A. Kahle of Schwed Kahle & Kress, P.A., Palm Beach Gardens, for Appellees.

PER CURIAM.

     Affirmed.

NORTHCUTT and LABRIT, JJ., Concur.
ATKINSON, J., Dissents with opinion.

ATKINSON, Judge, Dissenting.

     This appeal arises from the dismissal with prejudice of an amended complaint brought by Cristina Serrano under section 559.72(9), Florida

Statutes (2025), based on a debt collection letter she received from a debt collector representing John Huszar. On March 17, 2025, Mombrun Law, representing Mr. Huszar, sent Ms. Serrano a demand letter on behalf of Mr. Huszar regarding two alleged debts arising from an alleged oral agreement between Mr. Huszar and Ms. Serrano. In pertinent part, the letter provided the following: "If payment is not received within 30 days from the date of this letter, Mr. Huszar will have no choice but to pursue legal action to recover the amounts owed, plus attorney's fees and costs." The letter alleged that Ms. Serrano had entered into an agreement with Mr. Huszar to split the parties' wedding costs but, after making several initial payments, failed to pay her outstanding debt incurred on his credit card. The letter also claimed that Ms. Serrano had "sent Mr. Huszar a text message stating that [she] would no longer be paying the . . . credit card or sending him money, as it no longer aligns with [her] life," but "[d]espite this, [her] agreement remains valid, and [she is] legally obligated to fulfill [her] repayment commitments."

Ms. Serrano asserted a claim under section 559.72(9), which in pertinent part provides, "In collecting consumer debts, a person may not . . . assert the existence of some . . . legal right when such person knows that the right does not exist." Ms. Serrano alleged the demand letter violated section 559.72 because Mr. Huszar's threat to pursue attorney's fees asserted the existence of a legal right that did not exist because there was no statutory or contractual basis for entitlement to attorney's fees in what would be an ordinary collection action on behalf of Mr. Huszar. Mr. Huszar moved to dismiss, arguing that the letter did not demand attorney's fees currently owed but instead referenced the fact that fees could be pursued in ensuing litigation if Ms. Serrano advanced a frivolous defense. In his motion to dismiss, Mr. Huszar noted that

2

section 57.105(1), Florida Statutes (2025), provides for entitlement to attorney's fees as sanction for raising an unsupported claim or defense.

> [T]he court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial . . . [w]as not supported by the material facts necessary to establish the claim or defense . . . or . . . [w]ould not be supported by the application of then-existing law to those material facts.

§ 57.105(1). The trial court accepted Mr. Huszar's argument and dismissed Ms. Serrano's amended complaint with prejudice.

Because the trial court erred by granting Mr. Huszar's motion to dismiss, I would reverse the final judgment, and I respectfully dissent from the majority's decision to affirm.

"The applicable standard of review for a trial court's decision granting a motion to dismiss is de novo review." *Syvrud v. Today Real Est. Inc.*, 858 So. 2d 1125, 1129 (Fla. 2d DCA 2003). "Questions of statutory interpretation are reviewed de novo." *Eustache v. State*, 248 So. 3d 1097, 1100 (Fla. 2018). The trial court erred by accepting Mr. Huszar's post hoc rationalization for threatening to assert a right to attorney's fees that did not exist at the time of his demand letter to Ms. Serrano. The contingency Mr. Huszar relied on in the trial court and defends on appeal—that he *could have* received attorney's fees after a cause of action commenced if Ms. Serrano advanced a frivolous defense— was not mentioned in the demand letter, which conspicuously lacks any reference to section 57.105(1) or any suggestion that his pursuit of attorney's fees would be contingent on any future occurrence other than Ms. Serrano's declining to accede to his demand.

3

The only condition upon which Mr. Huszar threatened to pursue attorney's fees and costs was Ms. Serrano's failure to pay: "If *payment is not received within 30 days . . .* Mr. Huszar will have *no choice* but to pursue legal action to recover the amounts owed, *plus attorney's fees and costs.*" (Emphasis added.) The condition that the appellees now assert— Ms. Serrano's assertion of a frivolous defense during ensuing litigation— is absent from the letter and thus cannot justify granting Mr. Huszar's motion to dismiss.

Appellees essentially argue that the demand letter did not claim a categorical right to attorney's fees existing at the time the letter was written but rather expressed that such a right would be pursued in the future in the event entitlement to such fees arose during litigation. But all threats are by nature something that will happen in the future. Any assertion of a right in a demand letter sent by a creditor is typically couched in terms of a *future* threat to assert and vindicate that right. And by the appellees' rationale, *no* demand letter would violate section 559.72(9) because all such letters make only contingent threats. The pertinent question is on what the threat is made contingent. If the debt collection effort conditions the exercise of a then-existing right on the letter-recipient's future failure to perform an alleged obligation, then such practice would not be prohibited. However, in the demand letter in this case, the appellee's asserted right itself was conditional. And under the appellees' theory, a demanding party could *always* threaten attorney's fees and avoid violating the statute based on the mere possibility that the party receiving the demand letter might possibly advance a sanctionable argument or make a sanctionable filing at some future point in the event that litigation was instituted. But under section 559.72(9), the right must exist at the time of the demand letter, and it is

4

indisputable that a right to attorney's fees under section 57.105(1) did not exist at that time.

When Mr. Huszar sent Ms. Serrano the demand letter on March 17, 2025, section 57.105(1) did not authorize any attorney's fees recovery because no lawsuit had been filed, no defense had been asserted, and no safe harbor motion had been served. *See* § 57.105(4) ("A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.").  In other words, the right to attorney's fees *did not exist* when Mr. Huszar both demanded Ms. Serrano pay and also warned that if she did not, he would have "no choice but to pursue legal action to recover the amounts owed, plus attorney's fees and costs."  The letter did not say that Mr. Huszar would seek attorney's fees if Ms. Serrano submitted a frivolous filing to the court; it said that Mr. Huszar would pursue legal action plus attorney's fees if Ms. Serrano *did not pay.*

The appellees also assert that "because [Ms. Serrano] has no defense to paying her [fifty percent] share of the underlying debt, any defense raised by [her] would be frivolous or made in bad faith—such as the defense that payment 'no longer aligns with her life.' "  This argument is impermissibly presumptuous because valid defenses may have been available to Ms. Serrano if and when she consulted with legal counsel. And at any rate, any defense or lack thereof is irrelevant to whether the appellee had a right to attorney's fees when it sent its demand letter.  Ms. Serrano correctly notes that if suit had been filed, she might have defaulted, confessed judgment, disputed only the amount, or withdrawn a defense after safe harbor service, in which case section 57.105(1) may

5

never have entitled Mr. Huszar to attorney's fees.  Attribution of a hypothetical litigation defense to Ms. Serrano based on her alleged motive for failing to pay (that enforcing the contract no longer aligned with her life) indefensibly creates a straw man to justify the assertion of a right to attorney's fees that did not exist at the time of the demand letter.

The cases cited by Ms. Serrano stand for the proposition that a collector may not threaten fees where no contract or statute provides any legal basis for them.  *See, e.g.*, *Calogero v. Shows, Cali & Walsh, L.L.P.*, 95 F.4th 951 (5th Cir. 2024); *Gionis v. Javitch, Block & Rathbone, LLP*, 238 F. App'x 24 (6th Cir. 2007); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354 (E.D. Cal. 1995), *superseded by statute on other grounds*, Cal. Civ. Code § 1719, subd. (a)(1) (West through 2026 Reg. Sess.), *as stated in Imperial Merch. Servs., Inc. v. Hunt*, 212 P.3d 736, 742–43 (Cal. 2009).  This proposition supports a cause of action here because, put simply, Mr. Huszar had no legal basis to receive attorney's fees when he demanded payment.

Moreover, giving due consideration and great weight to federal Fair Debt Collection Practices Act (FDCPA) authority, *see, e.g.*, *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 512–13 (Fla. 1st DCA 2007); *Clayton v. Bryan*, 753 So. 2d 632, 634 (Fla. 5th DCA 2000), the Florida Consumer Collection Practices Act has been construed in a consumer protective manner, and courts have "employ[ed] the 'least-sophisticated consumer' standard to evaluate whether a debt collector's communication violates [the FDCPA]," *see LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010).  " 'The least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  *Id.* at 1194 (quoting *Clomon v.*

*Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)); *see also Savage v. Seterus, Inc.*, No. 2:20-cv-32-FtM-38NPM, 2020 WL 2219194, at *4 (M.D. Fla. May 7, 2020) (discussing *Moore v. Seterus, Inc.*, 711 F. App'x 575 (11th Cir. 2017), and explaining that "to the least sophisticated consumer, the language did not threaten action that Defendants could not legally take" when a debt collection letter stated that "foreclosure proceedings w[ould] not be commenced unless and until allowed by applicable law").[1]

Here, the operative language about Mr. Huszar having "no choice but to pursue legal action to recover the amounts owed, plus attorney's fees and costs" would lead the least sophisticated consumer to understand the demand letter to indicate that if he or she did not pay what was being demanded by the imposed deadline, then the debt collecting party would seek attorney's fees in litigation without any preconditions. Nothing in the demand letter suggests to the reader—regardless of his or her level of sophistication—that the attorney's fees threat was contingent on some other future occurrence at all, much less the later assertion of a frivolous litigation defense. And the demand letter's language hinting at Ms. Serrano's potentially frivolous excuse for declining to pay does not prove as much. Instead, reference in the letter to Ms. Serrano's motivation was made in a different context unconnected to any fee liability premised on its nonmeritoriousness; the letter merely explains that Ms. Serrano "sent Mr. Huszar a text message stating that [she] would no longer be paying the Discover credit card or sending him money, as it no longer aligns with [her] life," but "[d]espite this, [her]

---

[1] To the extent "[a] plaintiff must demonstrate the debt collector had *actual knowledge* that the debt was illegitimate," *Savage*, 2020 WL 2219194, at *4, at the pleading stage, it is reasonable that a sophisticated debt collection entity would know it did not have a right to attorney's fees despite its claim in the demand letter.

agreement remains valid, and [she is] legally obligated to fulfill [her] repayment commitments."

Assuming arguendo that Ms. Serrano sent such a text message, the text message itself (reproduced in a demand letter) was not a legal defense against payment, was not an argument advanced by counsel, and was not filed in court. Nor would a reasonable reader understand that the demand letter's reference to the text message was to serve as notice that if Ms. Serrano failed to pay by the deadline and if Mr. Huszar brought a cause of action and if the existence of a contract was established *and* if Ms. Serrano told a court that she breached the contract because it no longer aligned with her life, *then* Mr. Huszar *might* be able to recover attorney's fees from her under section 57.105(1). Moreover, the appellees hinge their post hoc argument upon Ms. Serrano potentially advancing a frivolous claim or defense even though the appellees were the ones threatening litigation in the first place.

Regardless of whether application of section 559.72 under the circumstances of this case conforms to what some may presume is the purpose of the statute, the statute's language makes it applicable to the facts alleged in Ms. Serrano's complaint. *See Mercury Indem. Co. of Am. v. Cent. Fla. Med. & Chiropractic Ctr., Inc.*, 380 So. 3d 477, 481 (Fla. 5th DCA 2023) ("[A] court must identify a statute's purpose based on the text alone, and not based on what, in its own estimation, might 'make a lot of sense.' ") quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 39 (2012))). The statute prohibits an "assert[ion of] the existence of [a] legal right when" a person collecting a consumer debt "knows that the right does not exist." *See* § 559.72(9). Nothing in the text indicates that a person may assert a legal right that might come into existence at some time in the future in the possible

8

event that certain contingencies are realized. According to the ordinary meaning of the terms of the statute it enacted, the legislature prohibited the employment of such a debt collection practice, and this court is bound to apply the law as written. *See Mercury Indem. Co. of Am.*, 380 So. 3d at 481 ("[W]e must 'arrive at a "fair reading" of the text by "determining the application of [the] text to given facts on the basis of how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued." ' " (second alteration in original) quoting *USAA Cas. Ins. Co. v. Mikrogiannakis*, 342 So. 3d 871, 873 (Fla. 5th DCA 2022))).

Because, based on the allegations of Ms. Serrano's complaint, Mr. Huszar had no right to attorney's fees at the time he sent his demand letter, the trial court should not have granted appellees' motion to dismiss based on Ms. Serrano's asserted failure to plead a claim under section 559.72 upon which relief could be granted. Thus, the judgment should be reversed.

I respectfully dissent.

_____

Opinion subject to revision prior to official publication.